## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Patricia Varieur** | * | |
| **Plaintiff** | | |
| | * | |
| **vs.** | | **Civil Action No.   16-3111 PX** |
| | * | |
| **BIS Global** | | |
| **Defendant** | * | |

**\*\*\*\*\*\***

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant BIS Global's Motion to Quash Summons and Dismiss Complaint (ECF No. 8), Plaintiff's Motion to Strike Defense Motion (ECF No. 10) and Plaintiff's Motion to for Entry of Default (ECF No. 11).  In Defendant's Reply to Plaintiff's Response to the Motion to Quash, (ECF No. 12), Defendant raised that counsel for Plaintiff, Glenn H. Stephens, III, failed to include any bar number in any of his submissions and may not be a member of this Court's bar.  As a result, this Court ordered Mr. Stephens to show cause as to why his appearance as counsel for Plaintiff and all pleadings filed by him should not be stricken in this matter.

In response, Stephens' sole argument is that he had been admitted pro hac vice in this case.  But Stephens sought pro hac admission erroneously as if this were a multi-district litigation (MDL) case. In an MDL case, the Court's local rule 101(b)(iv) permits counsel to appear pro hac vice "only in the multi-district litigation proceeding" so long as the attorney is a member in good standing of the bar of any United States District Court. *Id.* In this narrow circumstance, the attorney is "not required to have their admissions moved by an active member

of this Court's bar." *Id.* But this is not an MDL case.  Thus, Stephens' pro hac vice admission under the MDL rules is inapplicable.

Rather, Stephens' admission is subject to the general pro hac vice requirements which mandate that, in addition to the attorney seek pro hac admission, the party is "represented by an attorney who is, and continuously remains, an active member in good standing of the Bar of this Court who shall sign all documents, and unless excused by the presiding judge, be present at any court proceedings." Local Rule 101(b)(i). The attorney seeking pro hac vice admission must also certify the number of times the attorney has been admitted pro hac vice during the immediately preceding twelve months and identify any such cases currently active. *See* Local Rule 101(b)(ii). None of these requirements have been met.  Thus, Mr. Stephens is not properly admitted pro hac vice.

Finally, Mr. Stephens is not a full member of this bar and it remains an open question whether he would qualify for admission under Local Rule 701. Stephens cannot appear on Plaintiff's behalf.  The only consequent remedy, therefore, is to strike his appearance in this case.

With regard to pleadings filed by Mr. Stephens, Local Rule 102(a) directs the Clerk of the Court to "accept for filing only documents signed by a member of the Bar of this Court whose appearance is entered on behalf of that party." *Id.*  Stephens is not a member of the bar of this Court, and so the Clerk should not have accepted Mr. Stephens' filings. The Court, therefore, will strike them as improvidently filed. The Court will not strike ECF No. 16 to the extent it responds directly to this Court's show cause order.

Importantly, this Court is **not** dismissing Ms. Variuer's Complaint. *Cf. Wolford v. Budd Co.*, 149 F.R.D. 127, 129-30 (W.D. Va 1993) (denying dismissal of complaint to avoid limitations bar).  Nor will the Court punish Ms. Varieur for the misdeeds of counsel. The Court will give Ms. Varieur appropriate time to secure proper representation and respond to

Defendant's pending motion to strike summons and dismiss complaint at ECF 8, as well as file motions on her own behalf where appropriate.  The Court will also consider any other similar relief requested by Ms. Varieur as a result of this Court's Order.

Accordingly, on this 18th day of November, it is hereby ORDERED that the appearance of Gary Stephens III as counsel for Plaintiff Patricia M. Varieur and all pleadings submitted by Mr. Stephens found at ECF Nos. 4, 9, 10, 11 shall be STRICKEN in their entirety. Regarding ECF No. 16, those portions not responsive to this Court's show cause order shall also be STRICKEN.

_____/S/_____

Paula Xinis
United States District Judge
